UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ELLEN BLONDER

              Plaintiff,                              Case No.: 2:21-cv-00912-ARR-AYS

v.

INDEPENDENCE CAPITAL RECOVERY, LLC

              Defendant.
_____

**DEFENDANT INDEPENDENCE CAPITAL RECOVERY, LLC'S MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR FEES**

Brendan H. Little, Esq.
Lippes Mathias LLP
50 Fountain Plaza, Suite 1500
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ....................................................................................... 1

PROCEDURAL BACKGROUND .................................................................................... 2

ARGUMENT ..................................................................................................................... 3

    I.  Standard of Law ................................................................................................ 3

    II.  Administrative Tasks ...................................................................................... 4

    III.  Vague, Excessive, and Unreasonable Billing Entries ........................... 7

        i.  Vague Time Entries ................................................................................. 7

        ii.  The Hours Spent Prosecuting This Lawsuit Are Unreasonable ............... 9

    IV. The Various Attorney Rates Charged Are Excessive ............................ 12

CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*,
    522 F.3d 182 (2d Cir. 2008) .......................................................................... 4

*Adusumelli v. Steiner*,
    2013 WL 1285260 (S.D.N.Y. Mar. 28, 2013) .............................................. 7

*Banister v. Berkman Henoch Peterson Peddy and Fenchel PC*,
    2021 WL 4268139 (E.D.N.Y. 2021)............................................................ 13

*Barshay v. Specified Credit Associates I, Inc.*,
    2016 WL 3578993 (E.D.N.Y. 2016)............................................................. 9

*Campagna v. Client Servs., Inc.*,
    2019 WL 6498171 (E.D.N.Y. Dec. 3, 2019)................................................. 2

*Chavez v. MCS Claim Services, Inc.*,
    2016 WL 1171586 (E.D.N.Y. 2016).......................................................... 9,13

*Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*,
    188 F.Supp.3d 333 (S.D.N.Y. 2016)........................................................... 10

*Custodio v. Am. Chain Link & Const., Inc.*,
    2014 WL 116147 (S.D.N.Y. 2014)............................................................... 3

*Dagostino v. Computer Credit, Inc.*,
    238 F.Supp.3d 404 (E.D.N.Y. 2017)............................................................ 3

*Datiz v. International Recovery Associates, Inc.*,
    2020 WL 5899881 (E.D.N.Y. 2020)........................................................... 13

*De La Paz v. Rubin & Rothman, LLC*,
    2013 WL 6184425 (S.D.N.Y. 2013)............................................................. 4

*E.S. ex rel. B.S. v. Katonah-Lewisboro Sch. Dist.*,
    487 F. App'x 619 (2d Cir. 2012)................................................................. 4

*E.S. v. Katonah-Lewisboro Sch. Dist.*,
    796 F. Supp. 2d 421 (S.D.N.Y. 2011).......................................................... 4

*Grammar v. Sharinn & Lipshie, P.C.*,
   2016 WL 4249155 (S.D.N.Y. Aug. 5, 2016)...................................................................4

*Grant v. Martinez*,
   973 F.2d 96 (2d Cir. 1992) ...........................................................................................9

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ......................................................................................................9

*Hop Hing Produces Inc. v. X & L Supermarket, Inc.*,
   2013 WL 1232919 (E.D.N.Y. 2013)..............................................................................9

*Jacobson v. Healthcare Financial Services, Inc.*,
   516 F.3d 85 (2d Cir. 2008) ...........................................................................................3

*Kirsch v. Fleet St., Ltd.*,
   148 F.3d 149 (2d Cir. 1998) .......................................................................................7,9

*Lamaka v. Russian Desserts, Inc.*,
   2021 WL 2188280 (E.D.N.Y. 2021).............................................................................4

*Lee v. Thomas & Thomas*,
   109 F.3d 302 (6th Cir. 1997) .......................................................................................2

*Lilly v. City of New York*,
   934 F.3d 222 (2nd Cir. 2019) .......................................................................................4

*McMahon-Pitts v. Sokoloff*,
   2017 WL 1011473 (E.D.N.Y. 2017)............................................................................14

*Millea v. Metro-North Railroad Co.*,
   658 F.3d 154 (2d Cir. 2011) .........................................................................................4

*Missouri v. Jenkins by Agyei*,
   491 U.S. 274 (1989)......................................................................................................4

*New York Association for Retarded Children v. Carey*,
   711 F.2d 1136 (2nd Cir. 1983) .....................................................................................9

*Qureshi v. Vital Recovery Servs., Inc.*,
   2019 WL 3842697 (E.D.N.Y. Aug. 15, 2019)..............................................................2

*Ragin v. Harry Mackalowe Real Estate Co.*,
   2019 WL 1370695 (E.D.N.Y. 2019)............................................................................10

*Razilova v. Halstead Financial Services, LLC*,
  870 F.Supp. 510 (S.D.N.Y. 1994)................................................................................ 13

*Recca v. Asset Maximization Grp., Inc.*,
  2016 WL 1275052 (S.D.N.Y. Mar. 31, 2016)............................................................... 9

*Sandoval v. Materia Brothers Inc.*,
  2013 WL 1767748 (S.D.N.Y. March 5, 2013) ............................................................. 4

*Singh v. A & A Market Plaza, Inc.*,
  2019 WL 4861882 (E.D.N.Y. 2019)............................................................................. 4

*Trustees of Bricklayers & Allied Craftworkers Local 5 New York Reitrement v.*
*Helmer-Cronin Const., Inc.*,
  2005 WL 3789085 (S.D.N.Y. Oct. 24, 2005)............................................................... 7

*Wooldridge v. Marlene Indus. Corp.*,
  898 F.2d 1169 (6th Cir. 1990) ..................................................................................... 9

Defendant Independence Capital Recovery, LLC ("Defendant" or "Independence"), by and through its attorneys, Lippes Mathias LLP, submits this brief in opposition to Plaintiff Ellen Blonder's ("Plaintiff") motion for attorneys' fees (the "Motion"). (Doc. 17).

## PRELIMINARY STATEMENT

The factual allegations asserted in this lawsuit are not complex. The causes of action articulated are formulaic. Moreover, Plaintiff's counsel is intimately knowledgeable with respect to the substantive law at issue, routinely commencing indistinguishable lawsuits against third parties, while drawing upon largely generic and boilerplate pleadings, and alleging violations of the 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA").

Procedurally, this lawsuit proceeded as many FDCPA cases do: the Complaint was filed and responded to, the parties prepared for and appeared at a Rule 16 conference, and paper discovery was served by Defendant. Shortly thereafter, Plaintiff's counsel accepted Defendant's second offer of judgment.[1] No further court appearances were required, no depositions were conducted and no motions were filed. Plaintiff never served discovery demands of her own. Notwithstanding, Plaintiff's counsel inexplicably managed to accumulate 49.8 hours of billed time (while purporting to write-off another 6.8 hours) in litigating this case.

The FDCPA provides that a successful plaintiff may recover costs and ***reasonable*** attorneys' fees. 15 U.S.C. § 1692k (emphasis added). However, the FDCPA's imposition of strict

---

[1] Curiously, the first Offer of Judgment, which was served on the *same day* that Defendant filed its Answer and was nearly identical in all respects to the second Offer of Judgment, was refused by Plaintiff's counsel. The only notable difference was that, by agreeing to the second Offer of Judgment, Plaintiff's counsel was permitted to seek their attorneys' fees for drafting the subject motion for attorneys' fees. *See* **Exhibit A**. Accordingly, it can be readily inferred that Plaintiff's primary motivation for not agreeing to the first Offer of Judgment, and further dragging-out a case that was ripe for settlement from the outset, was financial gain. Arguably, the Court should not award Plaintiff any attorneys' fees after the first Offer of Judgment was served as the only party who benefitted from the rejection of the first Offer of Judgment was Plaintiff's counsel.

liability along with a fee-shifting provision has created a cottage industry of plaintiff's lawyers who file thousands of FDCPA lawsuits stating technical violations seeking nominal statutory damages but significant fee awards. *Campagna v. Client Servs., Inc.*, 2019 WL 6498171, at \*6 (E.D.N.Y. Dec. 3, 2019); *Qureshi v. Vital Recovery Servs., Inc.*, 2019 WL 3842697, at \*4 (E.D.N.Y. Aug. 15, 2019); *Lee v. Thomas & Thomas*, 109 F.3d 302, 306 (6th Cir. 1997). Quite simply, once putatively meritorious claims within the ambit of the FDCPA have now all too often devolved into fee-seeking expeditions.

Plaintiff's request for fees exemplifies the pitfalls and inefficiencies inherent in the fee shifting provision of the FDCPA – providing the opportunity to litigate indefinitely over patently uncomplicated claims – wherein these suits are oftentimes ultimately settled for nominal sums, but, importantly, only once serial plaintiff firms in such FDCPA cases can get their respective fills at the proverbial billing trough. Defendant has no reason to believe Plaintiff's counsel did not expend the number of hours claimed, however that neither makes the hours accumulated appropriate nor reasonable. Simply put, billing 49.8 hours in a routine and uncomplicated lawsuit is excessive and an award of reasonable attorneys' fees must therefore be modified commensurately. Said differently, it is not reasonable for three attorneys to each bill over 16 hours of time in a case where Plaintiff did not serve any discovery, no depositions were conducted and no motions were filed. *See* Doc. 17-4, p. 14.

## PROCEDURAL BACKGROUND

On February 19, 2021, Plaintiff commenced this action alleging that the Defendant herein violated 15 U.S.C. § 1692 ("the FDCPA"). (Doc. 1). Specifically, Plaintiff alleged three counts against the Defendant for alleged FDCPA violations. The first allegation claims 15 U.S.C. § 1692g, was violated because Defendant did not follow up, in writing, within five (5) days of attempting

initial communication with the Plaintiff. (Doc. 1, p. 5-6). The second count alleged that Defendant violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692c(a)(1) by communicating with an individual other than the Plaintiff in connection with the attempted collection of debt from the plaintiff (i.e. the Plaintiff's "husband, brother, and daughter"), and for allegedly contacting the above-referenced family members on their individual telephone numbers, which the plaintiff contended was an "inconvenient place" of communication, within the meaning of the FDCPA. (Doc. 1, p. 6-7). Lastly, Plaintiff alleged violations of 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692d(6) for Defendant's failure to disclose its identity as a debt collection company, when leaving a message for the Plaintiff. (Doc. 1, p. 7).

On March 23, 2021, Defendant answered the Complaint (Doc. 6). On the same date, March 23, 2021, Defendant served its first Offer of Judgment. *See* Ex. A. On May 18, 2021, the parties participated in a telephonic Rule 16 Conference. (Doc. 7). Thereafter, because Plaintiff rejected the first Offer of Judgment, limited discovery was conducted by Defendant. Ultimately, the Plaintiff accepted Defendant's second Offer of Judgment, and, on October 6, 2021, the Court entered judgment in the amount of $1,001 against Defendant, "together with costs and attorney's fees in an amount to be set by the court." (Doc. 16).

## ARGUMENT

### I.   STANDARD OF LAW

The FDCPA provides for recovery of reasonable attorneys' fees and costs by a successful plaintiff. 15 U.S.C. § 1692k(a)(3); *see also Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 95 (2d Cir. 2008). Furthermore, "[t]he party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Dagostino v. Computer Credit, Inc.,* 238 F.Supp.3d 404 (E.D.N.Y. 2017) (citing *Custodio v. Am.*

*Chain Link & Const., Inc.* 2014 WL 116147, at *9 (S.D.N.Y. 2014)).  The standard regarding applications for reasonable attorneys' fees in the Second Circuit is well-established. An attorneys' fees award should be based on the court's determination of a "presumptively reasonable fee." *Sandoval v. Materia Brothers Inc.*, 2013 WL 1767748, at *3 (S.D.N.Y. March 5, 2013) (quoting A*rbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008)). The presumptively reasonable fee, or "lodestar," is the product of a reasonable hourly rate multiplied by the reasonable number of hours expended on the case. *Id.*; *see also Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Grammar v. Sharinn & Lipshie, P.C.*, 2016 WL 4249155, at *3 (S.D.N.Y. Aug. 5, 2016).

## II.   ADMINISTRATIVE TASKS

The Court may reduce fees for clerical or administrative tasks.  *Lamaka v. Russian Desserts, Inc.,* 2021 WL 2188280 (E.D.N.Y. 2021); *see also E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 432 (S.D.N.Y. 2011) ("A court may make [across-the-board percentage] reductions when attorneys engage in less skilled work, like filing or other administrative tasks."), aff'd sub nom. *E.S. ex rel. B.S. v. Katonah-Lewisboro Sch. Dist.*, 487 F. App'x 619 (2d Cir. 2012); *Singh v. A & A Market Plaza, Inc.,* 2019 WL 4861882 (E.D.N.Y. 2019) ("Where counsel seeks compensation for time spent completing administrative tasks or work that should have been accomplished by a less-skilled practitioner, '[u]niform percentage cutbacks are warranted.'") (quoting *De La Paz v. Rubin & Rothman, LLC,* 2013 WL 6184425, at *4 (S.D.N.Y. 2013)). Moreover, the U.S. Supreme Court has previously cautioned that "purely clerical or secretarial tasks should not be billed at a paralegal rate", much less at an attorney rate.  *See Missouri v. Jenkins by Agyei,* 491 U.S. 274, 288 n. 10 (1989*); see also Lilly v. City of New York,* 934 F.3d 222, 233 (2nd Cir. 2019).

Here, the following entries were submitted by the attorneys for Plaintiff and, notably, billed at the corresponding, elevated attorney hourly rates, for tasks that should have been completed by non-attorney or clerical staff (ellipses indicated places where time entries were redacted or otherwise obfuscated):

| Date | Task/Service Description | Time (hrs.) | Rate/hr. | Total Cost |
|------|--------------------------|-------------|----------|------------|
| 12/28/20 | Received executed retainer; forwarded all research and documents and summary notes to [paralegal] to open file | 0.2 | $450.00 | $90.00 |
| 1/5/21 | Received screengrab from iphone of additional calls by ICR; forwarded to [paralegal] to load to file | 0.2 | $450.00 | $90.00 |
| 2/12/21 | Received screengrab from iphone of additional calls by ICR; forwarded to [paralegal] to load to file | 0.2 | S450.00 | $90.00 |
| 2/22/21 | Received new voicemail recording on Blonder v. ICR; listened to message, forwarded to Christian to add to file | 0.2 | $450.00 | $90.00 |
| 2/23/21 | Received new voicemail recording on Blonder v. ICR to Kayla; listened to message; forwarded to Christian to add to file | 0.2 | $450.00 | $90.00 |
| 2/23/21 | Received new voicemail recording on Blonder v. ICR to Sarah; listened to message; forwarded to Christian to add to file | 0.2 | $450.00 | $90.00 |
| 2/23/21 | Received new voicemail recording on Blonder v. ICR . . . listened to message; forwarded to Christian to add to file | 0.2 | $450.00 | $90.00 |
| 8/10/2021 | Received defendant's notice of deposition; forwarded to Christian to confirm date with client and Joenni  **(in addition to being clerical work billed for by an attorney, it is also duplicative, as discussed below)** | 0.2 | $450.00 | $90.00 |
| 9/16/2021 | Reviewed ecf bounce extending time to complete discovery | 0.1 | $325.00 | $32.50 |
| 10/3/2021 | Prepared Notice of Acceptance of Rule 68 offer of judgment and efiled same | 0.3 | $450.00 | $135.00 |
| 10/6/2021 | Reviewed ecf bounce with entry of judgment; forwarded to Christian to calendar fee application date | 0.2 | $450.00 | $90.00 |

Plaintiff's request for reasonable fees must be reduced by at least $977.50 for the aggregated 2.2 hours spent on the foregoing non-billable, wholly administrative tasks, which were inexplicably performed by attorney's (and, moreover, partner-level attorneys).

Next, in comporting with the Supreme Court's stated reluctance to permit billing, even at the paralegal level, for "purely clerical or secretarial tasks", as espoused in *Jenkins by Agyei*, 491 U.S. at 288, all of the below tasks, which were completed and billed for by a paralegal in plaintiff's counsel's office, could have easily (and more justifiably) been performed by non-legal, clerical staff:

| Date | Task/Service Description | Time (hrs.) | Rate/hr. | Total Cost |
|---|---|---|---|---|
| 12/29/20 | Opened files in Ares and uploaded all documentation | 0.5 | $100.00 | $50.00 |
| 1/5/21 | Loaded iphone call log into Ares | 0.2 | $100.00 | $20.00 |
| 2/12/21 | Loaded iphone call log into Ares | 0.2 | $100.00 | $20.00 |
| 2/18/21 | Loaded voicemail in file | 0.2 | $100.00 | $20.00 |
| 2/22/21 | Loaded voicemail in file | 0.2 | $100.00 | $20.00 |
| 2/23/21 | Loaded voicemail in file | 0.2 | $100.00 | $20.00 |
| 2/23/21 | Loaded voicemail in file | 0.2 | $100.00 | $20.00 |
| 2/23/21 | Loaded voicemail in file | 0.2 | $100.00 | $20.00 |
| 2/23/21 | Loaded voicemail in file | 0.2 | $100.00 | $20.00 |
| 2/26/21 | Summons for Service | 0.2 | $100.00 | $20.00 |
| 3/5/21 | Received returned summons and AOS | 0.7 | $100.00 | $70.00 |
| 4/15/21 | Received ecf bounce with order setting 5/18/2021 initial conference; calendared same; forwarded order attachment to Joenni and Jon | 0.2 | $100.00 | $20.00 |
| 5/11/21 | Prepared and filed Notice of Appearance for Joenni Abreu | 0.2 | $100.00 | $20.00 |
| 5/18/21 | Reviewed ecf approving scheduling order; calendared all dates in scheduling order | 0.3 | $100.00 | $30.00 |
| 8/10/21 | Loaded demand into Ares; calendared response dates | 0.2 | $100.00 | $20.00 |
| 8/10/21 | Uploaded defendant's notice of deposition; forwarded to Christian to confirm date with client and to Joenni **(notably, in addition to being purely clerical, this is also duplicative of an 8/10/21 entry, denoted in the first chart, which was there billed at the attorney/partner rate)** | 0.3 | $100.00 | $30.00 |
| 9/16/21 | Updated discovery completion date in Ares | 0.1 | $100.00 | $10.00 |

Plaintiff's request for reasonable fees must be further reduced by at least an additional $430.00 for the aggregated 4.3 hours spent on the foregoing non-billable, wholly clerical tasks, which were inexplicably performed by paralegal staff and accordingly billed for.

## III. VAGUE, EXCESSIVE, AND UNREASONABLE BILLING ENTRIES

As detailed below, Plaintiff's counsel spent an unreasonable amount of time litigating an uncomplicated case. Moreover, the overwhelming majority of time entries are too vague to permit the Court to evaluate the reasonableness of the time spent in each specific entry. As a result, a further reduction of the amount requested is warranted to account for the many entries that cannot properly be evaluated under the applicable "reasonableness" standard.

### i. *VAGUE TIME ENTRIES*

The law in the Second Circuit permits courts to reduce the fees requested for billing entries that are either vague or do not sufficiently demonstrate what counsel did. *See, e.g.*, *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998) (affirming District Court's reduction for vague entries such as "letter to court," "staff conference," or "work on motion"); *Adusumelli v. Steiner*, 2013 WL 1285260, at *7 (S.D.N.Y. Mar. 28, 2013) (requiring a reduction where "billing entries relating to telephone calls or correspondence with clients, the Court, co-counsel, and opposing counsel, that provide no information whatsoever regarding the purpose or topic of the work, making it impossible for the Court to evaluate the reasonableness of the claimed time"); *Trustees of Bricklayers & Allied Craftworkers Local 5 New York Reitrement v. Helmer-Cronin Const., Inc.*, 2005 WL 3789085, at *5 (S.D.N.Y. Oct. 24, 2005) (reducing the total number of hours billed by 20% where a majority of the entries consisted of vague statements such as, "Research," "Telephone call with client," "Study and Review file," and "Letter to Silkey.").

7

Here, a summary of the vague entries in Plaintiff's Motion is stated in the below chart (ellipses indicate places of redaction):

| Date | Task/Service Description | Time (hrs.) | Rate/hr. | Total Cost |
|------|--------------------------|-------------|----------|------------|
| 12/21/20 | Discussion with client and client representative regarding . . . | 0.8 | $450.00 | $360.00 |
| 12/22/20 | Continued discussion with client regarding . . . | 0.5 | $450.00 | $225.00 |
| 12/23/20 | Follow-up discussion with client regarding . . . | 0.4 | $450.00 | $180.00 |
| 12/23/20 | Internet Research into . . . | 0.6 | $450.00 | $270.00 |
| 1/4/21 | Email and telephone communications with client . . . | 0.3 | $450.00 | $135.00 |
| 1/5/21 | Email communications with client | 0.4 | $450.00 | $180.00 |
| 1/21/21 | Conversation with client regarding . . . | 0.6 | $450.00 | $180.00 |
| 2/12/21 | Call with client to . . . | 0.4 | $100.00 | $40.00 |
| 2/18/21 | Received new voicemail recording on Blonder v. ICR; listened to message; call with client re: . . . | 0.3 | $450.00 | $135.00 |
| 2/22/21 | Discussion with Jacob Silver regarding . . . | 0.3 | $450.00 | $135.00 |
| 2/22/21 | Reviewed correspondence between CSanders and Jacob. . . | 0.2 | $325.00 | $65.00 |
| 2/23/21 | Received new voicemail recording on Blonder v. ICR; client advised . . . | 0.3 | $450.00 | $135.00 |
| 4/6/21 | Email conversation . . . offered either Rule 68 with fee application included or $5826 | 0.3 | $450.00 | $135.00 |
| 5/6/21 | Spoke to the client regarding . . . | 1.0 | $250.00 | $250.00 |
| 5/7/21 | Review of two emails sent by the client regarding this matter. . . . | 0.8 | $250.00 | $200.00 |
| 5/7/21 | Review of two emails sent by the client . . . . | 0.5 | $250.00 | $125.00 |
| 8/11/21 | Confirmed date . . . call with client . . . | 0.2 | $100.00 | $20.00 |
| 8/17/21 | Spoke with client at length regarding . . . | 1.3 | $250.00 | $325.00 |
| 8/30/21 | Email to and from opposing counsel regarding client's availability for deposition. Emailed JC . . . | 0.5 | $250.00 | $125.00 |
| 8/31/21 | Called the client again . . . | 0.3 | $250.00 | $75.00 |
| 9/2/21 | Emails to and from Jacob Silver, the client's bankruptcy attorney, regarding . . . | 0.6 | $250.00 | $150.00 |
| 9/2/21 | Meeting with client re: deposition | 1.0 | $325.00 | $325.00 |
| 9/5/21 | Review of email sent by the client with additional information regarding the matter. . . . | 0.2 | $250.00 | $50.00 |
| 9/5/21 | Reviewed emails from client re: . . . Telephone call with client | 0.5 | $325.00 | $162.50 |
| 9/9/21 | Telephone call w/ client . . . | 0.2 | $325.00 | $65.00 |
| 9/13/21 | Telephone call w/ client to discuss . . . | 2.5 | $325.00 | $812.50 |
| 10/1/21 | Telephone call with client to advise . . . | 0.2 | $325.00 | $65.00 |

Plaintiff's request for reasonable fees must be reduced by at least an additional $4,925.00 for the aggregated 15.2 hours spent on the above vague tasks. *See, e.g.*, *Kirsch,* 148 F.3d at 149.

ii.   THE HOURS SPENT PROSECUTING THIS LAWSUIT ARE EXCESSIVE, REDUNDANT, AND UNREASONABLE

Hours that are "'excessive, redundant, or otherwise unnecessary' are to be excluded" from attorney fee calculation, and, "in dealing with such surplusage, court has discretion simply to deduct reasonable percentage of number of hours claimed. . . ."   *Kirsch,* 148 F.3d at 173 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).  Such "reasonable percentage" deductions are regarded by courts "as a practical means of trimming fat from fee application."   *New York Association for Retarded Children v. Carey,* 711 F.2d 1136, 1146 (2nd Cir. 1983).

In determining whether the amount of hours billed is reasonable, "[t]he relevant issue [is] not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)); *Recca v. Asset Maximization Grp., Inc.*, 2016 WL 1275052, at *2 (S.D.N.Y. Mar. 31, 2016).  Furthermore, redundant entries describing duplicative work have consistently been deemed by courts to be unreasonable.  *Chavez v. MCS Claim Services, Inc.,* 2016 WL 1171586, at *5 (E.D.N.Y. 2016) (reducing total hours [billed for] by 30% because "much of the work in this case could have been conducted by a less experienced associate billing at a significantly lower rate" and because "some of the work appears to be duplicative of work conducted in other similar FDCPA cases handled by the same counsel."); *Barshay v. Specified Credit Associates I, Inc.,* 2016 WL 3578993, at *4 (E.D.N.Y. 2016) (reducing total hours claimed in an FDCPA action by 20% in light of duplicative work.); *Hop Hing Produces Inc. v. X & L Supermarket, Inc.,* 2013 WL 1232919, at *7 (E.D.N.Y. 2013) (reducing requested fees by 15%

9

for, inter alia, "some duplicative billing conferences" between attorneys.); *see also Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona,* 188 F.Supp.3d 333, 342 (S.D.N.Y. 2016) (reducing fee award due to, inter alia, billing for intra-office conferences between attorneys); *Ragin v. Harry Mackalowe Real Estate Co.,* 870 F.Supp. 510, 521 (S.D.N.Y. 1994) (deeming the attendance of multiple attorneys at oral argument to constitute "duplicative efforts".).

As detailed below, many of the entries submitted to the Court are simply not recoverable because they are duplicative and unnecessary.[2]

As above, ellipses indicate places of redaction:

| Date | Task/Service Description | Time (hrs.) | Rate/hr. | Total Cost |
|------|--------------------------|-------------|----------|------------|
| 2/19/21 | ***Email correspondence with Shahzadi re . . .*** | **0.2** | $450.00 | ***$90.00*** |
| 2/19/21 | ***Confirmed . . . ; emailed CSanders re: . . .*** | **0.3** | $100.00 | ***$30.00*** |
| 2/23/21 | **Reviewed final complaint and approved for filing** | **0.2** | $325.00 | **$65.00** |
| 2/23/21 | **Revisions to complaint for additional phone calls; forwarded final to JC** | **0.3** | $100.00 | **$30.00** |
| 4/5/21 | **Westlaw research into . . . emails with Brendan re: same; forwarded fee demand to Brendan to determine whether there was an agreement on fee; offered $2k on $5826** | **1.5** | $450.00 | **$675.00** |
| 5/18/21 | Attended court-ordered initial conference.  Opposing counsel did not appear . . . but we were forced to wait on him.  We waited as long as we could, but the judge became impatient and proceeded to adopt the proposed scheduling plan opposing counsel and I agreed upon a few days earlier. | 0.5 | $250.00 | $125.00 |
| 5/18/21 | **Reviewed filed [sic] and appeared for Rule 16 conference before Judge Shields** | **0.5** | $325.00 | **$162.50** |
| 5/18/21 | **Telephonic appearance at initial conference** | **0.5** | $325.00 | **$162.50** |
| 8/30/21 | **Reviewed complaint; . . . prepared memorandum re: same to Craig and Jon** | **0.8** | $250.00 | **$200.00** |
| 9/1/21 | ***Meeting with J.C. regarding . . .*** | ***0.3*** | $250.00 | ***$75.00*** |

---

[2] Entries in bold are excessive, redundant or otherwise unreasonable. In certain instances, potentially billable time entries are provided as points of reference regarding the redundant nature of the other entries.  Entries that are both in bold and italicized indicate intra-office conferences.

| 9/1/21 | Reviewed draft discovery demands.  Reviewed file. Revised demands and drafted email to JA re: same | 0.6 | $325.00 | $195.00 |
|---|---|---|---|---|
| 9/2/21 | **Reviewed file (including complaint, answer, file docs and Defendant discovery demands) in advance of meeting w/ client for dep prep.** | **0.9** | $325.00 | **$292.50** |
| 9/3/21 | Emails to and from the client regarding . . . | 0.5 | $250.00 | $125.00 |
| 9/3/21 | **Various correspondences with JAbreu, client . . .** | **0.4** | $325.00 | **$130.00** |
| 9/7/21 | *Several emails to and from JC regarding . . .* | *0.7* | $250.00 | *$175.00* |
| 9/13/21 | *Emails with J.C. re: . . .* | *0.3* | $450.00 | *$135.00* |
| 9/13/21 | *Reviewed email from JC . . . ; meeting with JC re: same* | *0.3* | $450.00 | *$135.00* |
| 9/13/21 | *Emailed Craig regarding need for confidentiality order re: . . .* | *0.2* | $325.00 | *$65.00* |
| 9/13/21 | *Emails with Craig . . .* | *0.3* | $325.00 | *$97.50* |
| 9/13/21 | *Meeting with Jon . . .* | *0.3* | $450.00 | *$135.00* |
| 9/30/21 | *Drafted email to CSanders re: . . .* | *0.2* | $325.00 | *$65.00* |
| 10/1/21 | *Correspondence w/ CSanders re: . . .* | *0.2* | $325.00 | *$65.00* |
| 10/15/21 | *Reviewed file in advance of motion for fees.  Drafted email to CSanders . . .* | *0.2* | $325.00 | *$65.00* |
| 10/17/21 | **Reviewed the entire file; compiled schedule of all time in the case** | **0.6** | $450.00 | **$270.00** |
| 10/19/21 | *Drafted email to CSanders . . .* | *0.2* | $325.00 | *$65.00* |
| 10/20/21 | **Revisions to fee application prepared by JCader; finalization of time and rates; redaction of time sheets** | **1.2** | $450.00 | **$540.00** |

As a specific example, on February 19, 2021, paralegal Shahzadi Raza billed 0.3 hours for "sent draft of complaint to Jon [Cader] to review/finalize", and, senior associate, Jonathan Cader, Esq., billed 0.5 hours for: "[r]eview of draft complaint and voice mail recordings.  Drafted email to S.R. re: same".  The Complaint was filed on February 19, 2021 (Doc. 1). Inexplicably, on February 23, 2021, Mr. Cader billed another 0.2 hours for "[r]eviewed final complaint and approved for filing" and Shahzadi Raza, on the same day, billed 0.3 hours for "[r]evisions to complaint for additional phone calls; forwarded final to J.C.".  On August 30, 2021, seven months after the Complaint was filed, Ms. Abreu again billed 0.8 hrs. (and $200.00) for reviewing the Complaint. Similarly, on September 1, 2021, Mr. Cader billed 0.6, in part, to "review" the contents of the file, then, the very next day, he again billed, at least in part, for reviewing the contents of

the file (including, once again, the Complaint that counsel, himself, drafted, reviewed, and revised), this time for 0.9 hours.

As another example, on May 18, 2021, Plaintiff's counsel's office billed for three (3) separate appearances at the same initial Rule 16 conference, all for 0.5 hours, and with two of those entries made by the same attorney (at the senior partner rate of $325.00/hr.).

Many of the entries delineated above are also unacceptable and unreasonable for reasons beyond merely those corresponding to the respective chart that they were categorized into. For instance, many of the time entries cited for being indicative of intra-office conversations – which cannot appropriately be billed for – are also vague. This is perhaps best illustrated in virtually all of counsel's September entries, which entries contain excessive redactions making it impossible to comprehend what the alleged work presumably underlying each entry was actually intended to accomplish. There are a total of five (5) redacted time entries by senior attorneys, Craig Sanders, Esq. and Jonathan Cader, Esq., for meetings and emails with one another, on September 13, 2021, alone. These entries account for 1.4 hours spent, between the two senior attorneys on the file, and a corresponding $567.50 total cost.

Accordingly, any award of reasonable attorney's fees should be further reduced by 10.6 hours or $3,725. Totaling the reductions in Sections II and III, Defendant submits Plaintiff's fee should be reduced to $5,866.50.

## IV. The Various Attorney Rates Charged by Plaintiff's Counsel's Firm Are Excessive

Plaintiff's attorneys' requested hourly rates are unreasonable because: (1) they are higher than the typical rate for a FDCPA case in this District; and (2) higher than what they have been awarded in previous FDCPA lawsuits in this District. As a result, a reduction in the requested rates is required.

12

"In recent years, decisions in this District have determined reasonable hourly rates in FDCPA cases at approximately $300-$350 for partners." *Razilova v. Halstead Financial Services, LLC,* 2019 WL 1370695 (E.D.N.Y. 2019) (citing *Chavez,* 2016 WL 1171586, at *4); *see also Banister v. Berkman Henoch Peterson Peddy and Fenchel PC,* 2021 WL 4268139 at *6 (E.D.N.Y. 2021) ("This Court has previously found a $370 hourly rate for Attorney[] Sanders . . . to be reasonable and reaches the same conclusion here.") (citing *Datiz v. International Recovery Associates, Inc,* 2020 WL 5899881, at *8 (E.D.N.Y. 2020)).

Here, Mr. Sanders seeks a rate of $400 per hour, but in light of the above decisions authority, it should be reduced to $370 per hour. *See Banister,* 2021 WL 4268139; *Datiz,* 2020 WL 5899881. After applying the rate reduction to Mr. Sanders' remaining salvageable time entries, his 3.5 hours should total $1,295.

In both *Datiz* and *Banister,* Mr. Cader's applicable rate was likewise reduced. *See Datiz,* 2020 WL 5899881 (finding a reduction from the requested $350 per hour, to an adjusted rate of $240 per hour, for Mr. Cader in an FDCPA case, an appropriate reduction); *Banister,* 2021 WL 4268139 (reducing Mr. Cader's rate to $250 and stating "no explanation was provided as to why the Court should find reasonable a rate for Attorney Cader which is a $60 per hour increase from what was approved only last year."). In light of *Banister*, Defendant likewise struggles to see how a $75 per hour increase, to $325 per hour, over what was deemed reasonable earlier this year, can be remotely justifiable. *Id.* Accordingly, Defendant hereby requests the application of the same $250 hourly rate to the portion of Mr. Cader's time that remains following the foregoing deductions of entries for administrative and clerical tasks, vague and obfuscated entries, and wholly unreasonable, redundant, duplicative, and unjustifiably excessive entries. Therefore, after

13

applying the reduced rate, Mr. Cader's remaining 6.5 hours billed at $250 per hour should equate to a sum of $1,625.

Finally, Plaintiff provided absolutely no justification for the time entries attributable to Joenni Abreu, Esq.  While Plaintiff provided Declarations in support of the claimed fees attributable to both Mr. Cader and Mr. Sanders, she did not provide any documentation, background information, justification, nor support in any form for the remaining 5.4 hours[3] of time entries designated to Ms. Abreu at her Associate rate of $250 per hour. (Doc. 17-2, and Doc. 17-3).

Accordingly, Plaintiff's request for Ms. Abreu's $1,350 in accrued time charges should be rejected by the Court.  Furthermore, assuming, *arguendo*, that Ms. Abreu's time entries will be considered by the Court, the case law simply does not support an associate rate of $250 per hour in FDCPA cases.  *See Datiz,* 2020 WL 5899881 at *4-5 (finding, after noting that "neither the Sanders Declaration nor the Cader Declaration indicates when [Associate Attorney] was admitted to practice", finds "[t]hus, based on her level of experience, the Court finds a reasonable hourly rate [for Associate working with Mr. Cader and Mr. Sanders] is $160."); *McMahon-Pitts v. Sokoloff,* 2017 WL 1011473, at *3 (E.D.N.Y. 2017) (finding reasonable an hourly rate of $170 per hour for a junior associate with two years' experience and a rate of $200 for a junior associate with three years' experience.).  Accordingly, if the Court is going to consider Ms. Abreu's entries, Plaintiff should not be awarded more than $160 per hour.

---

[3] Defendant reached this number after deducting entries for administrative and clerical tasks, vague and obfuscated entries, and wholly unreasonable, redundant, duplicative, and unjustifiably excessive entries.

**CONCLUSION**

In light of the foregoing, Defendant Independence Capital Recovery, LLC, respectfully requests that the Court adjust Plaintiff's request for reasonable attorneys' fees as follows:

(1) reduce Plaintiff's counsel's claimed fees by 32.3 hours and $10,057.50, for billing for administrative and clerical tasks, vague time entries, and unreasonably excessive, duplicative, and unnecessary billing entries;

(2) reduce Plaintiff's counsel's sought fee award by an additional $2,117.50, accounting for the appropriate rate adjustment for Attorneys Cader and Sanders, and the deduction of the billed time sought for the wholly unsupported entries by Attorney Abreu; and

(3) a further reduction of remaining fees sought by 25%, based upon Plaintiff's Counsel's Firm's repeated defiance and disregard of this Court's express precedent with respect to reasonableness and documentation of attorneys' fees, even while serially occupying the Court's time with fee-seeking motions of this precise nature.

As a result, Defendant submits the Court should enter an Order granting Plaintiff reasonable attorneys' fees in the amount of $2,190.00, plus costs in the amount of $499.00, for a total award of $2,689.00.

DATED:          November 3, 2021

LIPPES MATHIAS LLP

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com