UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────────X

ELLEN BLONDER,

                                   **ORDER**
            Plaintiff,                   21-CV-0912 (ARR) (AYS)

  -against-

INDEPENDENCE CAPITAL RECOVERY, LLC,

            Defendant.
──────────────────────────────────────────X

**SHIELDS, United States Magistrate Judge:**

      This is a Fair Debt Collection Practices Act case that was resolved via an offer and acceptance of judgment. Currently pending is Plaintiff's motion for attorney's fees and costs, which has been referred to this Court for a Report and Recommendation. (Order of Ross, J., dated July 6, 2022.)

      In reviewing the motion for attorney's fees, the Court noted that the billing records submitted by Plaintiff's counsel were heavily redacted, without any accompanying privilege log. The Court directed Plaintiff's counsel to submit unredacted billing records via email and to submit an affidavit of one of the billing attorneys, explaining why each of the redacted entries were subject to privilege. (Orders of Shields, M.J., dated Aug. 22, 2022 and Aug. 30, 2022.)

      Plaintiff's counsel complied with those Orders and the Court has reviewed both the affidavit of Plaintiff's counsel, as well as the unredacted billing records. (Docket Entry ("DE") [24].) Upon such review, the Court finds that, while a number of the redacted billing entries are correctly entitled to be withheld on the basis of privilege, there are several for which privilege has been erroneously asserted, as set forth below.

DISCUSSION

I.     Legal Standard

Plaintiff's counsel seeks to shield certain billing entries on the grounds of either attorney-client privilege or the work product privilege. Under federal law, "[t]he attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011). "The attorney work product privilege protects 'the files and the mental impressions of an attorney . . . reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways' prepared in anticipation of litigation." Tankleff v. County of Suffolk, No. 09-CV-1207, 2011 WL 5884218, at *2 (E.D.N.Y. Nov. 22, 2011) (quoting Hickman v. Taylor, 329 U.S. 495, 510-11 (1947)).

Whatever the privilege asserted, the burden is on a party claiming privilege to provide evidence sufficient to establish the essential elements of the privileged relationship. In re Grand Jury Subpoena, 750 F.2d 223, 224-25 (2d Cir. 1984) (citing In re Bonanno, 344 F.2d 830, 833 (2d Cir. 1965)); see also United States v. Stern, 511 F.2d 1364, 1367 (2d Cir. 1975) (citing Bonanno, 344 F.2d at 833) (applying standard to attorney-client privilege). Here, the burden is on Plaintiff to show that the claimed privilege applies.

II.    Billing Entries Not Subject to Privilege

As stated above, many of the billing entries were correctly redacted on the basis of either the attorney-client or the work product privilege. However, the following billing entries were incorrectly redacted as they do not reveal any actual communications with the client or the mental impressions of any attorney working on behalf of Plaintiff:

- All billing entries dated December 23, 2020;
- CSanders billing entry dated February 18, 2021;
- CSanders billing entry dated February 22, 2021 that begins with "Discussion with Jacob Silver";
- CSanders billing entry dated May 12, 2021;
- JAbreu billing entry dated May 18, 2021 that begins with "Attended court-ordered initial conference";
- CGarcia billing entry dated August 10, 2021 that begins with "Uploaded defendant's notice of deposition";
- CGarcia billing entry dated August 11, 2021;
- JAbreu billing entry dated August 30, 2021 that begins with "Email to and from opposing counsel";
- JAbreu billing entry dated September 1, 2021 that begins with "Meeting with JC";
- JAbreu billing entry dated September 2, 2021 that begins with "Meeting with client";
- JCader billing entry dated September 3, 2021;
- JCader billing entry dated September 9, 2021; and,
- JCader billing entry dated October 1, 2021 that begins with "Telephone call with client".

Having reviewed the unredacted billing records, the Court finds that the foregoing entries contain nothing more than factual information, none of which are subject to any privilege. As such, Plaintiff's counsel is directed to serve Defendant with a new copy of their billing records

herein, with the foregoing entries unredacted, within one week of the date of this Order. Defendant will then have one week to submit any supplemental opposition to Plaintiff's motion for attorney's fees based upon the unredacted billing entries. There shall be no reply by Plaintiff. The Court will then issue its Report and Recommendation to the District Court.

**SO ORDERED.**

Dated: September 13, 2022
       Central Islip, New York

                                             /s/ Anne Y. Shields
                                             ANNE Y. SHIELDS
                                             United States Magistrate Judge