UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELLEN BLONDER,

                              Plaintiff,                            **REPORT AND RECOMMENDATION**
            -against-                                         CV 21-0912 (ARR)(AYS)

INDEPENDENCE CAPITAL RECOVERY, LLC,

                              Defendants.
----------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Plaintiff, Ellen Blonder ("Plaintiff"), commenced this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by way of a Complaint filed on February 19, 2021. (Docket Entry ("DE") [1].) Defendant, Independence Capital Recovery, LLC ("Defendant"), answered the Complaint on March 23, 2021, (DE [6]), and a discovery schedule was set by this Court on May 18, 2021.

      On October 3, 2021, before discovery was completed, the parties filed a Notice of Acceptance of a Rule 68 Offer of Judgment in the amount of $1,001.00 (the "Rule 68 Offer"). (DE [13].) Judgment pursuant thereto was entered by the Clerk of the Court on October 6, 2021, and the case was closed. (DE [16].) The Rule 68 Offer provided for the parties to attempt to agree on a reasonable fee for Plaintiff's counsel. It was stipulated that failing any agreement, Plaintiff would apply to the Court for an order of fees. (See id.) The parties failed to reach agreement, and on October 21, 2021, Plaintiff filed her motion for attorney's fees. (DE [17].) On July 6, 2022, District Judge Ross referred the motion to this Court for a report and recommendation as to whether it should be granted. (Elec. Order of Ross, J., dated July 6, 2022.) While Defendant does not oppose the motion with respect to its liability for attorney's fees, it argues that the amount of fees sought is excessive and should be reduced by the Court. In

1

particular, Defendant argues that the hourly rates requested are higher than those generally granted in this District, that Plaintiff has failed to submit the credentials of one of the three lawyers who worked on this matter, and, further, that the hours billed are excessive.

Upon review of Plaintiff's application, this Court noted the heavy redaction of the billing records, as well as Plaintiff's counsel's failure to include a declaration of one of the lawyers for whom fees are sought that details her credentials and supports the claimed hourly rate. Also absent was any privilege log containing particularized reasons for any of the redactions. These omissions hampered this Court's ability to properly evaluate Plaintiff's claim for fees. Therefore, on August 22, 2022, this Court held a telephone conference to permit Plaintiff's counsel to explain the reason for the many redactions, and to advise counsel to resubmit their fee application with both the missing attorney declaration as well as unredacted billing records. The Court required Plaintiff's counsel to revisit the application and decide whether to submit a completely unredacted version of the billing records to the Court and opposing counsel. If that option was exercised, the attorney declaration and unredacted billing records would be placed on the public docket. In the alternative, Plaintiff's counsel was given the option of maintaining their redactions and submitting an affidavit to this Court supporting each claim of privilege. In any event, Plaintiff's counsel was instructed to submit the missing attorney declaration on the docket herein. The Court reminded Plaintiff's counsel that any claim of privilege must be evaluated by this Court in accord with the decision of the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006), and, in particular, the public's right to understand decisions of the Court. (Elec. Order of Shields, M.J., dated Aug. 22, 2022.)

Plaintiff's counsel complied with this Court's Order to submit the missing attorney declaration, (DE [22]), and maintained their claim of privilege over their billing records,

submitting unredacted billing records for in camera review. By Order dated September 13, 2022, this Court held that while many of the billing records were correctly redacted on the basis of either the attorney-client or work product privilege, a number of billing records were incorrectly redacted as they do not reveal any actual communications with the client or the mental impressions of any attorney working on behalf of Plaintiff. (DE [25] at 2.) Accordingly, the Court directed Plaintiff's counsel to serve Defendant with a new copy of their billing records, with the entries denoted by the Court unredacted, within one week of the date of the September 13, 2022 Order. (Id. at 3-4.) Defendant was then afforded one week to submit any supplemental opposition to Plaintiff's motion for attorney's fees based on the unredacted billing entries. (Id. at 4.) Defendant filed its supplemental opposition on September 28, 2022. (DE [26].)

The Court has now received and reviewed the submissions required by the Order of August 22, 2022, as well as Defendant's supplemental opposition. As to the merits of the within application for attorney's fees, the Court agrees with Defendant, in part. Accordingly, for the following reasons, this Court respectfully recommends that Plaintiff's motion be granted, but that the fees sought be reduced as set forth herein.

## DISCUSSION

I. Legal Standard

   A. FDCPA

Pursuant to the FDCPA, successful plaintiffs are entitled to recover their reasonable attorney's fees and costs. See 15 U.S.C. § 1692k(a)(3); see also Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 92 n.8 (2d Cir. 2008) (noting that the "award of costs and fees to a successful plaintiff appears to be mandatory"); Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998) ("Where a plaintiff prevails, whether or not he is entitled to an

3

award of actual or statutory damages, he should be awarded costs and reasonable attorney's fees in amounts to be fixed in the discretion of the court."). Accordingly, it is undisputed that Plaintiff is entitled to recover attorney's fees and costs herein. The only question is the amount to be awarded.

    B.    <u>Calculation of Fees</u>

In the Second Circuit, the "starting point" for calculating a "presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." <u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting <u>Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany</u>, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court has held that "the lodestar method produces an award that <u>roughly</u> approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." <u>Perdue v. Kenny A.</u>, 559 U.S. 542, 551 (2010) (emphasis in original). "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" <u>Id.</u> at 553 (citation omitted); <u>see also</u> <u>Arbor Hill</u>, 522 F.3d at 190-91 (holding that a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." <u>Arbor Hill</u>, 522 F.3d at 190.

4

The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits." Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney who worked on the action. See Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." Perdue, 559 U.S. at 552.

II.  Plaintiff's Application

Plaintiff seeks $18,624.00 in attorney's fees. In support of the motion, Plaintiff's counsel has submitted the declaration of Craig B. Sanders, dated October 20, 2021, and contemporaneous billing records in support thereof (the "Sanders Decl."). (DE [17-3], [17-4].) Plaintiff seeks reimbursement for attorney services rendered at a rate of $450.00 per hour for Mr. Sanders, a partner, $325.00 per hour for Jonathan Cader, a fourteenth-year associate, and $250.00 per hour for Joenni Abreu, a fourth-year associate. In connection with these requests, Plaintiff has submitted the legal credentials of attorneys Sanders and Cader, detailing their experience in the field of consumer protection litigation. While Plaintiff did not initially submit such credential information with respect to the experience of attorney Abreu, that was corrected in response to this Court's August 22, 2022 Order. (DE [22].) In addition to the compensation for attorney time, counsel seeks to include in their fee award compensation for time spent by non-attorney staff. In

5

particular, Plaintiff seeks fees at the hourly rate of $100.00 for paralegal services performed by Christian Garcia and Shahzadi Raza. (Pl. Memo of Law 9; DE [17-4].) Finally, Plaintiff seeks reimbursement for costs in the amount of $499.00.

As to attorney time, Plaintiff's motion states that Sanders spent 15.75 hours on this matter, Cader devoted 22 attorney hours to this case, and Abreu spent 13.3 hours. (DE [17-4]; Pl. Reply Memo of Law 11.) The total attorney time expended on this action by Plaintiff's counsel totals 58.5 hours, including time spent on the reply memorandum of law in support of the within motion. (DE [17-4], [19]). Paralegals are stated to have spent seven hours on this case.[1]

III.  Disposition of the Motion

  A.  Hourly Rates

While the hourly rates sought by Plaintiff are not beyond the pale for experienced attorneys in this district, given the "duration and simplicity of this case," this Court respectfully recommends that the requested hourly rates be reduced. Lilly v. City of New York, No. 16 Civ. 322, 2007 WL 3493249, at *4 (S.D.N.Y. Aug. 15, 2017) (reducing attorney's hourly rate from $600 to $450). Recent cases in this district have determined reasonable hourly rates in FDCPA cases to be $300.00 to $370.00 per hour for partners, see Razilova v. Halsted Fin. Servs. LLC, No. 18-CV-1668, 2019 WL 1370695, at *7 (E.D.N.Y. Mar. 1, 2019) (recommending that Mr. Sanders be awarded $350.00 per hour), adopted by, 2019 WL 1364399 (E.D.N.Y. Mar. 26, 2019); see also Datiz v. Int'l Recovery Assoc., Inc., No. CV 15-3549, 2020 WL 5899881, at *8 (E.D.N.Y. Mar. 12, 2020) (recommending that Mr. Sanders be awarded $370.00 per hour), adopted as modified by, 2020 WL 3790348 (E.D.N.Y. July 7, 2020), and $100.00 to $200.00 per

---

[1] During the August 22, 2022 conference, Plaintiff's counsel was advised that any time expended in connection with the submissions ordered by the Court would not be included as compensable time.

6

hour for junior associates. See Bannister v. Berkman Henoch Peterson Peddy & Fenchel, P.C., No. CV 20-1810, 2021 WL 4268139, at *3 (E.D.N.Y. July 25, 2021), adopted by, 2021 WL 3578526 (E.D.N.Y. Aug. 12, 2021).

Accordingly, this Court respectfully recommends that the following hourly rates for attorneys be awarded: (1) $370.00 per hour for Mr. Sanders; (2) $250.00 per hour for Mr. Cader; and (3) $150.00 per hour for Ms. Abreu. These rates represent the lower end of counsel fees in this District and are commensurate with hourly fee awards in this type of non-complex litigation.

With respect to the hourly rate of the paralegals who billed time to this matter, Plaintiff requests a rate of $100 per hour. "[T]he average compensation rate for non-attorney support staff is $90 per hour in this district." Martinez v. City of New York, No. 16 CV 79, 2019 WL 1246509, at *9 (E.D.N.Y. Mar. 18, 2019) (collecting cases). In FDCPA cases, however, courts in this district have found the reasonable hourly rate for paralegals to range from $70.00 to $100.0 per hour. See, e.g., Schwartz v. Jzanus Ltd., No. 21-CV-480, 2022 WL 603996, at *1 (E.D.N.Y. Feb. 28, 2002) (awarding $85.00 per hour for paralegal work); Isakova v. Klein, Daday, Aretos & O'Donoghue LLC, No. 19-CV-5221, at *2 (E.D.N.Y. June 10, 2021) ("Courts in this district generally award hourly rates ranging from . . . $70 to $100 per hour for paralegals.") Accordingly, this Court respectfully recommends that the rate for Plaintiff's counsel's support staff time be reduced from $100.00 per hour to $75.00 per hour.

  B.  <u>Reasonableness of Attorney Hours Sought</u>

As stated above, "[a]n application for attorney's fees must be supported 'by accurate, detailed, and contemporaneous time records.'" Datiz, 2020 WL 5899881, at *9 (quoting LaBarbera v. ASTC Labs, Inc., 752 F. Supp. 2d 263, 277 (E.D.NY. 2010)) (additional citation omitted). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be

7

excluded, and in dealing with such surplusage, the court has the discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from the fee application.'" Dagostino v. Computer Credit, Inc., 238 F. Supp. 3d 404, 413 (E.D.N.Y. 2017) (quoting Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)).

Plaintiff has submitted time records in support of her motion for attorney's fees, representing that her counsel spent a total of 58.5 billable hours in this action, including the time spent preparing Plaintiff's reply memorandum of law in support of the within motion. (DE [17-4], [19].) Defendant opposes Plaintiff's requested attorney's fees on the grounds that: (1) many of the hours for which reimbursement are sought represent administrative tasks that could have been performed by a paralegal rather than an attorney; (2) the majority of Plaintiff's counsel's time entries are too vague to permit the Court to evaluate their reasonableness; and, (3) the hours expended by Plaintiff's counsel are excessive, redundant, and unreasonable in light of the uncomplicated nature of the action. (Def. Mem. of Law in Opp'n 4-12.) For the most part, the Court agrees with Defendant.

As noted, the Court has already recommended reducing the hourly rates sought. However, more troubling to the Court than the hourly rates – which, as noted, are not far from the hourly compensation for attorneys in this District – is the amount of hours sought to be compensated. Most glaring is the fact that three attorneys expended time on this action. While attorney Cader is not denominated as a partner in the firm, he is a fourteenth-year associate and a lawyer with enough experience in the field of consumer protection litigation to have run this fairly simple matter on his own, with minimal oversight. While Mr. Sanders may have properly spent a very limited amount of time on the oversight of this matter, this is not the type of case that required staffing by three attorneys – two with what this Court will refer to as "partner level"

8

experience. This case could have been litigated by one senior attorney or by one junior attorney with minimal oversight. It certainly did not require the attention of three lawyers. This overstaffing requires that the Court take a closer look at the hours billed.

Having reviewed the time records submitted, this Court recommends that the hours expended by Plaintiff's counsel are not reasonable under the circumstances of this case and, therefore, warrant a sizable reduction for several reasons. First, the time records submitted demonstrate that much of the work performed herein involved "basic or intermediate tasks which could have been undertaken by a junior associate or paralegal at a significantly reduced rate." Datiz, 2020 WL 5899881, at *11 (citing cases). For example, Sanders and Cader spent at least 2.2 hours on purely clerical tasks, such as receiving voicemail messages or ECF bounces and forwarding them to a paralegal, for a total of $977.50 in fees. As the Supreme Court has stated, "purely clerical or secretarial tasks should not be billed at a paralegal rate, let alone at an attorney's hourly rate. Missouri v Jenkins, 491 U.S. 274, 288 n.10 (1989); see also Lilly, 934 F.3d at 233. Accordingly, this Court recommends deducting 2.1 hours of Sanders's time and 0.1 hours of Cader's time for hours spent on administrative tasks.

Second, "the work performed in this action is duplicative of that which counsel has undertaken in similar FDCPA cases." Id. (citing cases). For example, the Complaint is largely a pro forma document that Plaintiff's counsel most likely files in each and every action initiated pursuant to the FDCPA. In fact, the billing records indicate that the Complaint herein was actually drafted by one of the paralegals assigned to this action and merely reviewed by Cader. (DE [17-4] at 2.) Any discovery requests served are largely the same in each action as well. Moreover, a review of the billing records demonstrates that many of the tasks performed by Cader are duplicative of tasks performed by both Sanders and Abreu. As stated above, there was

9

no need to staff three attorneys on this action, which is made only more apparent by the number of duplicative billing entries contained in Plaintiff's counsel's time records. This matter could easily have been handled by Cader himself or by Abreu with minimal oversight by Sanders. Accordingly, based on the numerous duplicative billing entries, this Court recommends deducting 4.1 hours expended on this action by Cader from the overall fee award.

Finally, the number of hours billed by Plaintiff's counsel are simply excessive when compared to the "straightforward nature of the case and the collective experience of counsel." Id. The docket sheet herein consists of a total of nineteen docket entries and the case lasted less than eight months. The billing records indicate that the Rule 68 Offer was being considered and discussed with Defendant less than two months after the filing of the Complaint. While Plaintiff did not have to accept that offer, the number of hours billed to evaluating and ultimately accepting the offer – 3.5 hours by Sanders and 0.6 hours by Cader – is far from reasonable. Moreover, between Cader and Sanders, a total of 12.85 hours were spent drafting the moving and reply papers with respect to the within motion – 10.4 by Cader and 2.45 by Sanders. This Court finds such hours to be excessive and duplicative and recommends deducting all time spent by Sanders on the Rule 68 Offer and the fee application from the overall award.

In sum, for the reasons set forth above, this Court finds the hours sought by Plaintiff to be unreasonable to the extent that Plaintiff seeks $18,624.00 in attorney's fees. It is incomprehensible to this Court how Plaintiff's counsel could have expended more than fifty-eight hours on such a simple and straightforward action.

Taking into account the foregoing, the Court respectfully recommends that attorney's fees be awarded in the amount of $9,819.00, as set forth below:

10

| Individual | Hourly Rate Requested | Hours Requested | Hourly Rate Recommended | Hours Recommended | Total |
|---|---|---|---|---|---|
| Craig Sanders | $450 | 15.75 | $370 | 7.7 | $2,849.00 |
| Jonathan Cader | $325 | 22 | $250 | 17.8 | $4,450.00 |
| Joenni Abreu | $250 | 13.3 | $150 | 13.3 | $1,995.00 |
| Christina Garcia | $100 | 4.5 | $75 | 4.5 | $337.50 |
| Shahzadi Raza | $100 | 2.5 | $75 | 2.5 | $187.50 |
| | | | | Total Attorney's Fees: | $9,819.00 |

III.   Costs

Plaintiff also seeks reimbursement of expenses incurred in this action, which include the court filing fee and service of process fees, totaling $499.00. (Sanders Decl. ¶7.) Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). This Court finds the expenses incurred by Plaintiff to be reasonable and respectfully recommends that Plaintiff be awarded its full costs in the amount of $499.00.

RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for attorney's fees and costs be granted, but that the hourly rates and the number of hours sought to be reimbursed be reduced as set forth herein, and that Plaintiff be awarded attorney's fees in the amount of $9,819.00. This Court further recommends that Plaintiff be awarded its requested costs of $499.00, for a total monetary award of $10,318.00.

OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known address(es) and to file proof of service on ECF by May 3, 2019. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
September 28, 2022

                                              /s/ Anne Y. Shields
                                              ANNE Y. SHIELDS
                                              United States Magistrate Judge