UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ELLEN BLONDER

        Plaintiff,                             Case No.: 2:21-cv-00912-ARR-AYS

v.

INDEPENDENCE CAPITAL RECOVERY, LLC

        Defendant.
_____

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION CORRESPONDING TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

**LIPPES MATHIAS LLP**

Brendan H. Little, Esq.
50 Fountain Plaza, Suite 1500
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

Defendant Independence Capital Recovery, LLC ("Defendant" or "Independence"), by and through its attorneys, Lippes Mathias LLP, submits this brief in opposition to Plaintiff Ellen Blonder's ("Plaintiff") objection to the Report and Recommendation of Magistrate Judge Anne. Y. Shields, corresponding to Plaintiff's motion for attorneys' fees. (Doc. 17; Doc. 28).

## PRELIMINARY STATEMENT

On February 19, 2021, Plaintiff commenced this action alleging that the Defendant herein violated 15 U.S.C. § 1692 ("the FDCPA"). On October 6, 2021, Plaintiff accepted Defendant's second Offer of Judgment, in the exact same amount of $1,001 as was offered nearly seven (7) months prior, and the Court entered judgment accordingly. (Doc. 16). On October 20, 2021, Plaintiff moved for recovery of attorneys' fees pursuant 15 U.S.C. § 1692k. (Doc. 17). On November 3, 2021, Defendant opposed Plaintiff's fee application. (Doc. 18). On September 28, 2022, the Court entered the subject Report and Recommendation. (Doc. 27).

On October 12, 2022, both Plaintiff and Defendant filed objections to the Report and Recommendation of Magistrate Hon. Anne. Y. Shields. (Doc. 28; Doc. 29).[1] In her objection to the Report and Recommendation, Plaintiff argues that: (1) the Court should not have recommended the reduction of the respective rates of Plaintiff's Counsel's three billing attorneys; (2) the Court should be precluded from further reducing the billed time for which Plaintiff seeks fee recovery because Plaintiff's Counsel "voluntarily zeroed out" 6.8 hours of time entries that appear on

---

[1] While Defendant wholly agrees with the Court's observations and analysis, as set forth in the Report and Recommendation, Defendant objected to the Report and Recommendation on the basis that the Court did not apply its correct findings to the extent warranted by Plaintiff's Counsel's audacious billing practices throughout the lifespan of this case. Specifically, the Court should have further reduced Counsel's recoverable time, given the Court's conclusion that "[i]t is incomprehensible to this Court how Plaintiff's counsel could have expended more than fifty-eight hours on such a simple and straightforward action." (Doc. 27, p. 10).

1

counsel's billing statements; and (3) reducing both the hourly rates and the total number of hours for which fees are sought, as the Magistrate recommends, would be "unduly punitive." (Doc. 28). However, these arguments fail both logically, and pursuant to prior decisions of this Court, and should, therefore, be rejected as set forth below.

I. **Reductions of Plaintiff's Counsels' Respective Billing Rates are Warranted, for the Reasons Set Forth in the Report and Recommendation**

As an initial matter, "[t]he Court has broad discretion to determine the amount of attorneys' fees appropriate to satisfy a fee award." *Banister v. Berkman Henoch Peterson Peddy and Fenchel PC,* 2021 WL 4268139 at *3 (E.D.N.Y. 2021). In evaluating the reasonable hourly rates for billing attorneys, this Court adheres to the "forum rule" employed throughout the Second Circuit, "which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Id.* at *4. In general, "the prevailing rates for experienced counsel in FDCPA cases in this district range from approximately $300 to $400 per hour." *See Kohli v. Independent Recovery Resources, Inc.,* 2022 WL 706695, *4 (E.D.N.Y. Mar. 9, 2022) (citing *Rosen v. LJ Ross Assocs.,* 2022 WL 493728, *5 (E.D.N.Y. Jan. 24, 2022)); *see also Seeger v. Ross & Assocs.,* 2019 WL 5695944, *5 (E.D.N.Y. Aug. 6, 2019) (courts in this district have found that, for FDCPA cases, "reasonable hourly rates [are] approximately . . . $200-$325 for senior associates, and $100-$200 for junior associates"). However, rates in FDCPA cases "regularly fall on the lower end of this range" and "courts rarely award rates greater than $350 even for the *most* experienced attorneys." *Burkett v. Houslanger & Assocs., PLLC,* 2020 WL 7000188, *3 (E.D.N.Y. July 23, 2020).

"In addition to customary billing rates, 'case-specific factors like the novelty or complexity of the matter are appropriately considered in determining the reasonable hourly rate or hours billed.'" *Rosen,* 2022 WL 493728, at *5 (quoting *Lilly v. City of New York,* 934 F.3d 222, 232 (2d Cir. 2019)). In this regard, the Report and Recommendation correctly observed, *inter alia*, that

2

this was a "simple and straightforward action" featuring "pro forma document[s] that Plaintiff's counsel most likely files in each and every action initiated pursuant to the FDCPA," which "certainly did not require the attention of three lawyers." (Doc. 27, pp. 9, 10). Accordingly, the Report and Recommendation soundly exercised discretion in advising that the rates of the three billing attorneys be commensurately adjusted to reflect the routine nature and short duration of this action, in adherence with the customary rates awarded in this District. (Doc. 27). Specifically, the Court determined that Mr. Sanders' sought rate should be reduced from $450 per hour to $370 per hour, that Mr. Cader's rate be reduced from $325 per hour to $250 per hour, and that Ms. Abreu's rate be reduced from $250 per hour to $150 per hour, respectively. (Doc. 27, p. 7).

In so doing, the Report and Recommendation correctly noted that "[r]ecent cases in this district have determined reasonable hourly rates in FDCPA cases to be $300.00 to $370.00 per hour for partners . . . and $100.00 to $200.00 per hour for junior associates." For support, the Court cited to, *inter alia*, *Razilova v. Halstead Financial Services, LLC,* 2019 WL 1370695 (E.D.N.Y. 2019) ("recommending that Mr. Sanders be awarded $350.00 per hour"), *Datiz v. International Recovery Associates, Inc,* 2020 WL 5899881, at *8 (E.D.N.Y. 2020) (reducing Mr. Sanders' rate to $370.00 per hour), and *Banister,* 2021 WL 4268139, at *3 (("[t]his Court has previously found a $370 hourly rate for Attorney[] Sanders . . . to be reasonable and reaches the same conclusion here"). Notably, in both *Datiz* and *Banister,* Mr. Cader's applicable rate was likewise reduced. *See Datiz,* 2020 WL 5899881, at *8 (finding a reduction from the requested $350 per hour, to an adjusted rate of $240 per hour, for Mr. Cader in an FDCPA case, an appropriate reduction); *Banister,* 2021 WL 4268139 (reducing Mr. Cader's rate to $250 and stating "no explanation was provided as to why the Court should find reasonable a rate for Attorney Cader which is a $60 per hour increase from what was approved only last year").

3

In this regard, Plaintiff's sole contention in opposing these rate adjustments appears to be that this Court's 2019 decision in *Razilova*, 2020 decision in *Datiz*, and 2021 decision in *Bannister*, each rely upon what Plaintiff claims to be outdated precedent. (Doc. 28, p. 6). Specifically, Plaintiff takes issue with the fact that *Razilova* and *Datiz* each cite, in part, to *Chavez v. MCS Claim Services, Inc.,* 2016 WL 1171586, at *4 (E.D.N.Y. 2016)[2], among several other cases. (Doc. 28, pp. 6-7). Astoundingly, Plaintiff then appears to take issue with *Bannister*, because it "relied, *inter alia*, on *Datiz* [and] *Razilova*, which themselves are purportedly to be disregarded inasmuch as they happened to cite to *Chavez*. (Doc. 28, p. 7). In this manner, Plaintiff has engineered a methodology by way of which it can attempt to conveniently disregard any unfavorable precedent, based upon the virtual certainty that any given case will rely, at least in part, upon a decision that preceded it (which decision, itself, will rely on existing precedent, and so on).

Plaintiff's Counsel's argument for simply ignoring the aforementioned cases cited in the Report and Recommendation – each of which is less than three years old – is emblematic of both a fundamental misunderstanding of jurisprudential evolution over time, as well as a pattern of disregarding this Court's precedent in serially occupying the Court's time with fee-seeking motions of this kind without modifying their sought rates. Intuitively, even the most recent decisions on the issue of appropriate rates in FDCPA cases brought in this district will inherently rely upon and draw from those that preceded them. This fact alone does nothing to diminish the validity of those holdings or the analyses upon which they depend.

Moreover, in addition to the multitude of cases defining the reasonable range of attorney billing rates in this district that preceded Plaintiff's instant fee application, there have been several

---

[2] Notably, Plaintiff's Counsel mischaracterizes *Chavez* as a "seven-year-old decision," notwithstanding the fact that it was a 2016 opinion of this Court, based solely upon the fact that the *Chavez* "complaint was filed in July of 2015".

4

decisions *during the pendency of this action* that reaffirm the validity and currency of the lineage of applicable cases that includes *Razilova*, *Datiz*, and *Bannister*. *See, e.g., Kohli,* 2022 WL 706695, at *4 ("[the] requested $475.00 hourly rate is nevertheless grossly in excess of the rates typically awarded in this District to attorneys with comparable experience [of more than 30 years] in FDCPA cases . . . [i]n light of these considerations, the Court reduces [the] hourly rate to $350.00"); *Zaslavskiy v. Weltman, Weinberg & Reis Co., LPA,* 2022 WL 1003589, *12 (E.D.N.Y. Jan. 5, 2022) ([counsel's] expertise in this area of law is impressive, and, combined with his 45-years of experience, warrants a rate at the higher end of the fee range . . . [but] [a]s previously noted, this district rarely awards rates greater than $350 per hour in FDCPA cases, even for the most experienced attorneys . . . accordingly, a rate of $350 per hour is appropriate"); *Rosen,* 2022 WL 493728, at *5 ("[t]he Court respectfully recommends that an hourly rate of $370 be approved for . . . Mr. Sanders . . . as consistent with District rates for experienced attorneys practicing consumer litigation, . . . and a reasonable hourly rate of $250 for Mr. Cader").

Notably, in *Rosen*, wherein this Court awarded Mr. Sanders $370 per hour (above the $350 awards in *Razilova, Kohli,* and *Zaslavskiy*) and Mr. Cader $250 per hour (above the $240 he was awarded in *Datiz*), the case involved multiple class allegations, class certification issues, two motions to dismiss by the defendant and a summary judgment motion by the plaintiff, and multiple iterations of the complaint, and was, therefore, more complex and labor intensive than a garden variety FDCPA action. *See Rosen,* 2022 WL 493728, at *2. In this regard, *Rosen* stands in stark contrast to the instant action which, as the Report and Recommendation noted, involved little more than a pro forma complaint, the issuance of basic discovery demands by Defendant, and two iterations of a substantively identical Offer of Judgment (the first of which was offered less than 2 months after the commencement of the action). (Doc. 27). Furthermore, in *Zaslavskiy*, a second

5

billing attorney with 45 years of experience, had her rate reduced from $700 per hour to $300 per hour, and a third billing attorney who is a "partner" that has practiced for 5 years longer than Mr. Cader had her rate reduced to $250 per hour. *See Zaslavskiy,* 2022 WL 1003589, at *13.

Accordingly, not only are there multiple decisions from *this year* that largely comport and concur with the earlier decisions in *Razilova*, *Datiz*, and *Bannister* that are relied upon in the Report and Recommendation, but these cases are also instructive that, if anything, a further rate reduction for Mr. Sanders and Mr. Cader is warranted. *See Kohli,* 2022 WL 706695, at *3-4 (finding $350 per hour appropriate even "for the *most* experienced attorneys"); *Zaslavskiy,* 2022 WL 1003589, at *12-13 (same); *see also Rosen,* 2022 WL 493728, at *5 (citing Mr. Cader's $240 rate awarded in *Datiz,* 2020 WL 5899881, at *8). Therefore, in keeping with this District's repeated holdings with respect to appropriate attorney rates in generic FDCPA actions, Mr. Sanders' and Mr. Cader's rates should be further adjusted to $350 per hour and $240 per hour, respectively.

## II.   The Court Exercised Sound Judgment in Recommending Further Time Deductions

Next, Plaintiff takes aim at the Court's determination in the Report and Recommendation that approximately 12 hours of Counsel's total sought time should be reduced from any ultimate fee recovery, "as a practical means of trimming fat from the fee application." (Doc. 27, p. 7-8) (citing *D'Agostino v. Computer Credit, Inc.,* 238 F. Supp. 3d 404, 413 (E.D.N.Y. 2017)). In particular, Plaintiff's Counsel contends that the fact that they "voluntarily eliminated" 6.8 hours total time appearing on their billing entries for this action – time which Counsel expressly observes "would not necessarily be billable to the client" anyway – should, alone, preclude any further reductions or scrutiny of remaining time entries by the Court. (Doc. 28, p. 9). Plaintiff further argues that, insofar as the Report and Recommendation does not expressly acclaim or praise counsel for this act of "voluntarily zero[ing] out" these time entries consisting entirely of

6

unrecoverable time, that "it is reasonable to assume that Judge Shields did not take this ['exercise of billing judgment'] into consideration." (Doc. 28, p. 9). Furthermore, Plaintiff contends that failure to confer unfettered deference to Counsel for writing off time that was not reasonably recoverable, "send[s] a message that the Court [would] prefer a fee applicant not exercise billing judgment and merely leave it to the Court to go through a line-by-line analysis to determine what, if any, across the board reduction [is warranted]." (Doc. 27, p. 9). However, this ludicrous assertion defies both logic, precedent, and prudential policy considerations.

As an initial matter, the Court aptly concluded that the 58.5 total hours billed by Plaintiff's Counsel in this case was "excessive" and "incomprehensible," and, more specifically, that the matter was blatantly overstaffed and overbilled insofar as: "this is not the type of case that required staffing by three attorneys" and "Mr. Cader . . . [could] have run this fairly simple matter on his own;" "the hours expended by Plaintiff's counsel are not reasonable under the circumstances of this case, and, therefore, warrant a sizable reduction;" and that "much of the work performed herein involved basic or intermediate tasks which could have been undertaken by a junior associate or paralegal at a significantly reduced rate . . . [and was] duplicative of th[e] [work] which counsel has undertaken in similar FDCPA cases." (Doc. 27, pp. 8, 9, 10). Moreover, as Plaintiff's Counsel has acknowledged, none of the time entries that were written-off as a purported "exercise of billing judgment" represented compensable time in the first instance.

Even a cursory review of these "zeroed-out" time entries readily reveals that these entries are neither reasonable such that a client would be inclined to pay counsel to perform the described tasks, nor the sort embodied in the fee shifting provision of the FDCPA. *See Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008) (The presumptively reasonable fee, or "lodestar," is the product of a *reasonable* hourly rate multiplied

7

by the *reasonable* number of hours expended on the case) (emphasis added); *Dagostino,* 238 F.Supp.3d 404 ("[t]he party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable"). Specifically, the "zeroed out" entries consisted entirely of instances wherein: other attorney(s) at the firm already billed for the exact same task (typically, at the highest available rate), Counsel entered time for reading the emails of co-counsel (or emailing co-counsel), entries depicting intra-office conferencing, entries pertaining to administrative tasks such as receiving ecf bounces, and/or duplicative review of Counsel's own file. Furthermore, as set forth in Defendant's Objection to the Report and Recommendation, many of these duplicative, administrative, and unnecessary tasks were left on Plaintiff's Counsel's final billing statement, and counsel continues to seek payment for tasks such as serially reviewing their own pro forma Complaint, attorneys appearing twice at the same Rule 16 conference (which other attorneys at the firm also billed for appearing for), and numerous entries for intra-office conferencing and communications. (*See* Doc. 29, p. 4-5). Therefore, Counsel's claim that further time reductions should be precluded because they wrote off a meager 6.8 hours of time that never belonged on a bill in the first place, misstates the standard and amounts to little more than a distraction. *See Kirsch,* 148 F.3d at 173 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)) (hours that are "'excessive, redundant, or otherwise unnecessary' are to be excluded" from attorney fee calculation, and, "in dealing with such surplusage, court has discretion simply to deduct reasonable percentage of number of hours claimed").

      Following Plaintiff's Counsel's brazen assertions in this regard to their logical conclusions would undermine the fee-shifting provision of the FDCPA, entirely. Counsel ostensibly suggests that plaintiffs' attorneys should be rewarded for the inclusion of superfluous and inappropriate billing entries because, in the event the case ends in a favorable outcome for the Plaintiff, counsel

8

has maximized their fee recovery by effectively padding their entries, such that they can simply write-off some of the time charges that were unreasonable and unrecoverable, and thereby curry deference in the evaluation of all remaining time entries. Clearly, adopting such a view would defy logic, and have the adverse effect of encouraging similar billing indiscretions, going forward.

Moreover, while Plaintiff's Counsel claims that a court's exercise of discretion in 'trimming the fat' from a fee application will "ordinarily be done only in instances where the fee applicant has not made such adjustments itself," Counsel cites no authority, whatsoever, for this proposition. To the contrary, in *Samms v. Abrams,* 198 F. Supp.3d 311, 321-22 (S.D.N.Y. 2016), for example, the court expressly credited Plaintiff's Counsel with "exercis[ing] billing judgment in omitting associates' time from the fee petition altogether" and directing "associates [to] perform[] all administrative work," while concluding that further, targeted time deductions were still warranted. Specifically, the *Samms* Court deducted 17.7 of the 37.7 hours expended in discovery because "[t]he lack of factual dispute and counsel's extensive experience litigating FDCPA claims suggest that the 37.7 hours spent on discovery was excessive," and further reduced much of the time associated with counsel's fee application. *Samms,* 198 F. Supp.3d at 322.

Accordingly, Plaintiff's Counsel's removal of a modest portion of the inordinate amount of unreasonable, duplicative, and, therefore, unbillable time included on its billing statements, does not – and, as a matter of policy, should not – exempt the remainder of Counsel's time entries from the scrutiny of this Court.

### III. The Report and Recommendation is not "Unduly Punitive," as Courts have Discretion to Adjust both the Billing Rates and Total Recoverable Hours

Plaintiff's final contention is that "to the extent [the Court] would agree . . . that 'much of the work performed herein involved basic or intermediate tasks which could have been undertaken . . . at a significantly reduced rate,' the appropriate remedy would be to reduce the fee application

9

by the number of allegedly superfluous hours, *or*, by reducing the hourly rate for such tasks but, it should not result in a determination that both hours *and* time be reduced." (Doc. 28, p. 11). However, this assertion – for which Plaintiff, again, cites no supporting authority – is directly contrary to numerous prior decisions of this Court, in which the Court both reduced attorney billing rates and deducted recoverable hours, including cases directly involving Mr. Sanders and Mr. Cader. *See, e.g., Banister,* 2021 WL 4268139, at *7-10 (reducing Mr. Cader's hourly rate from $300 per hour to $250 per hour, deducting 0.6 hours of paralegal time and 4.6 hours of attorney time spent on the reply brief seeking fees, and applying an across-the-board reduction of 15% to all remaining time); *Seeger,* 2019 WL 5695944, at *5 (reducing Mr. Sanders' rate from $450 per hour to $350 per hour, and further applying an across-the-board reduction of 20%); *Chavez,* 2016 WL 1171586, at *4-5 (reducing Mr. Sanders' rate to $350 per hour, and reducing the remainder of the time sought by 30%); *Rosen,* 2022 WL 493728, at *5-8 (reducing Mr. Sanders' hourly rate to $370 and Mr. Cader's hourly rate to $250, deducting 26.6 hours of time expended on administrative and unbillable tasks, and further applying a 30% reduction to all remaining time).

Accordingly, Plaintiff's claim that the Report and Recommendation is "unduly punitive" insofar as it adjusts counsel's billing rates in accordance with those acceptable within this District, and reduces time due to unreasonable or superfluous billing entries, is wholly unsupported by this Court's precedent and counsel's own experiences with seeking attorneys' fees in FDCPA cases.

## CONCLUSION

For the reasons set forth above, Defendant respectfully submits that all bases upon which Plaintiff objects to the Report and Recommendation should be rejected, and that the Court should, instead, further reduce Plaintiff's fee award, as set forth in Defendant's Objection to the Report and Recommendation (Doc. 29), together with any other and further relief this Court deems proper.

DATED: October 26, 2022

          **LIPPES MATHIAS LLP**

          /s Brendan H. Little
          Brendan H. Little, Esq.
          Attorneys for Defendant
          50 Fountain Plaza, Suite 1700
          Buffalo, NY 14202
          P: 716-853-5100
          F: 716-853-5199
          E: blittle@lippes.com