```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
ELLEN BLONDER,                                                      :    21-CV-912 (ARR) (AYS)
                                                                    :
                    Plaintiff,                                      :    NOT FOR ELECTRONIC
                                                                    :    OR PRINT PUBLICATION
       -against-                                                    :
                                                                    :
INDEPENDENCE CAPITAL RECOVERY, LLC,                                 :    OPINION & ORDER
                                                                    :
                    Defendant.                                      :
                                                                    :
------------------------------------------------------------------- X
```

ROSS, United States District Judge:

Before me are the objections of plaintiff Ellen Blonder and defendant Independence Capital Recovery, LLC to Magistrate Judge Shields's Report and Recommendation concerning plaintiff's motion for an award of attorney's fees. *See* R. & R., ECF No. 27. For the following reasons, I adopt the Report and Recommendation except to reduce the compensable time billed by paralegals by 4.3 hours.

## BACKGROUND

Plaintiff sued defendant under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). During discovery, the parties filed a Notice of Acceptance of a Rule 68 Offer of Judgment in the amount of $1,001. ECF No. 13. Plaintiff filed her motion for attorney's fees on October 20, 2021, ECF No. 17. I referred the motion to Judge Shields on July 6, 2022, *see* July 6, 2022 Order, and Judge Shields issued her R&R on September 28, 2022.

Judge Shields recommended reducing the rate sought by plaintiff's counsel Craig B. Sanders from a request of $450 per hour to $370 per hour; reducing the rate sought by counsel Jonathan Cader from $325 per hour to $250 per hour; reducing the rate sought by counsel Joenni

Abreu from $250 per hour to $150 per hour; and reducing the rate sought by paralegal staff from $100 per hour to $75 per hour. *See* R. & R. 6–7. In doing so, Judge Shields noted that "the hourly rates sought by [p]laintiff are not beyond the pale for experienced attorneys in this district," but that the "duration and simplicity of this case" warranted a reduction in the hourly rates sought. *Id.* at 6 (quotation omitted).

Second, Judge Shields recommended that I further reduce the fee award because "the hours expended by [p]laintiff's counsel are not reasonable under the circumstances of this case and, therefore, warrant a sizable reduction." *Id.* at 9. Judge Shields noted that senior attorneys Sanders and Cader "spent at least 2.2 hours on purely clerical tasks, such as receiving voicemail messages or ECF bounces and forwarding them to a paralegal." *Id.* She also found that "the [c]omplaint is largely a pro forma document that [p]laintiff's counsel most likely files in each and every action initiated pursuant to the FDCPA," and that "discovery requests served are largely the same in each action as well." *Id.* Judge Shields concluded that "[i]t is incomprehensible . . . how [p]laintiff's counsel could have expended more than fifty-eight hours on such a simple and straightforward action." *Id.* at 10. She also recommended excluding all time spent by Mr. Sanders on the preparation of the motion for attorneys' fees, which totaled 2.45 hours. *Id.* In total, Judge Shields recommended reducing the number of compensable hours by 8.05 hours for Mr. Sanders and 4.2 hours for Mr. Cader. *Id.* at 11. Judge Shields did not recommend any reduction in the hours billed by Ms. Abreu or by paralegal staff. *Id.*

Finally, Judge Shields approved the costs sought by plaintiff in the amount of $499.[1] *Id.*

---

[1] Neither party disputes Judge Shields' recommendation to reimburse plaintiff's counsel for costs. Accordingly, I need only review the decision for clear error. *See Finley v. Trans Union, Experian, Equifax*, No. 17-CV-371 (LDH) (LB), 2017 WL 4838764, at *1 (E.D.N.Y. Oct. 24, 2017) (noting that absent a timely objection "the district court need only satisfy itself that there is no clear error

2

After reducing the hourly rates and removal of the hours found to be duplicative, Judge Shields's recommendation was that attorney's fees be awarded in the amount of $9,819.

## LEGAL STANDARD

The parties do not dispute that plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to the FDCPA. *See* 15 U.S.C. § 1692k(a)(3). The "starting point" for determining the "presumptively reasonable fee" is "the lodestar—the product of a *reasonable* hourly rate and the *reasonable* number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (emphasis added and quotation omitted). I am to "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). A reasonable hourly rate is based on the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

## DISCUSSION

Both parties timely filed objections to the Report & Recommendation. *See* Pl.'s Objection to R. & R. ("Pl.'s Objection"), ECF No. 28; Def.'s Objection to R. & R. ("Def.'s Objection"), ECF No. 29. I will address each party's arguments in turn.

### I.  Plaintiff's Objections

Plaintiff contends that Judge Shields should not have reduced the hourly rates sought because she relied upon outdated cases to determine the appropriate hourly rate for Mr. Sanders and Mr. Cader. Pl.'s Objection 6–7 (citing *Razilova v. Halstead Fin. Servs. LLC*, No. 18-CV-1668

---

on the face of the record" (quotation omitted)). I find no clear error as to Judge Shields' recommendation concerning litigation costs.

3

(RRM) (PK), 2019 WL 1370695, at *7 (E.D.N.Y. Mar. 1, 2019), *Chavez v. MCS Claim Servs., Inc.*, No. 15-CV-3160 (JMA) (AKT), 2016 WL 1171586, at *4 (E.D.N.Y. Mar. 23, 2016), and *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549 (DRH) (AKT), 2020 WL 5899881, at *8 (E.D.N.Y. Mar. 12, 2020)). In plaintiff's telling, because each of these cases ultimately relies on rates cited by the 2016 opinion in *Chavez*, Judge Shields's recommendation was flawed because it does not consider that counsel's rates have been "reasonably adjusted over time." Pl.'s Objection 7. Plaintiff supports this argument with references to cases in other districts in which her attorneys have been awarded the rates they requested in this case. *See id.* at 7–8 (citing cases from the Southern District of New York and District of New Jersey).

In effect, plaintiff argues that Judge Shields relied upon the wrong precedents in determining what hourly rate to pay plaintiff's counsel. While I appreciate plaintiff's point that tying an attorney's hourly rate to past precedents inhibits their ability to charge a higher rate over time, plaintiff has also ignored that more recent cases from this district have also limited counsel's hourly rates. *See, e.g.*, *Rosen v. LJ Ross Assocs., Inc.*, No. 19-CV-5516 (ARR) (VMS), 2022 WL 493728, at *5 (E.D.N.Y. Jan. 24, 2022) (recommending reducing hourly rate for Mr. Sanders to $370 and for Mr. Cader to $250), *report and recommendation adopted*, 2022 WL 493274 (E.D.N.Y. Feb. 17, 2022). And although courts might have found counsel's rates acceptable within their districts, the proper rate is generally determined by reference to the rate prevailing in the "district in which the court sits." *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).

Notably, plaintiff's objection does not cite a single case from this district in which counsel was awarded the hourly rates sought in this case. Further, the award is meant to "*roughly approximate*[] the fee that the prevailing attorney would have received if he or she had been

representing a paying client who was billed by the hour in a compensable case." *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (emphasis in original). In approximating the fee, I "may use an out-of-district hourly rate . . . in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates." *Arbor Hill*, 522 F.3d at 191. However, it is presumed "that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally." *Id.* It is an "unusual case" in which the party moving for fees can rebut this "presumption." *Id.* Plaintiff's arguments fail to identify any reason why I should reject prevailing hourly rates in the Eastern District of New York for higher rates elsewhere.

Finally, plaintiff does not engage with Judge Shields's finding that the "duration and simplicity" of the case merited a downward adjustment in the hourly rate. Plaintiff's counsel has not identified any reason why this case was particularly complex or presented any difficulties beyond those of a standard FDCPA case, and I "should consider the rate [a] reasonable, paying client would pay, and use that rate to calculate the presumptively reasonable fee." *Arbor Hill*, 522 F.3d at 193. I agree with Judge Shields's finding that the complaint in this case was largely pro-forma, *see generally* Compl., ECF No. 1, and that litigating this case did not require great skill or attention that would warrant an upward departure from the prevailing rates in this district. Accordingly, I adopt Judge Shields's recommendation as to the reduction in hourly rates for plaintiff's counsel.

Next, plaintiff argues that Judge Shields should not have recommended "trimming fat" from the fee application by reducing the number of hours claimed by Cader and Sanders. Pl.'s Objection 8. Plaintiff notes that her application voluntarily eliminated 6.8 of the 51.5 total hours her counsel billed to this matter. *Id.* at 9. Plaintiff contends that Judge Shields failed to consider

5

this fact and "that any 'fat' had already been trimmed and does not require further adjustment." *Id.* Plaintiff's position ignores that Judge Shields conducted a thorough analysis of the time entries and concluded that "this is not the type of case that required staffing by three attorneys—two with what this [c]ourt will refer to as 'partner level' experience." R. & R. 8–9. Also absent from plaintiff's objection is any refutation of or argument concerning Judge Shields's conclusion that "much of the work performed herein involved basic or intermediate tasks which could have been undertaken by a junior associate or a paralegal at a significantly reduced rate." *Id.* at 9 (quotation omitted). Nor does plaintiff dispute that "many of the tasks performed by Cader are duplicative of tasks performed by both Sanders and Abreu." *Id.*

Plaintiff's argument on this point is that because one factor among many to be considered by courts is the exercise of counsel's "billing judgment," the fact that her counsel eliminated certain line items from the fee application should preclude further reductions in the fee sought. But the mere exercise of plaintiff's counsel's billing judgment in connection with its application for attorney's fees, without more, is insufficient to shield the fee award from further justified reductions, and plaintiff cites no law for this argument.

Finally, plaintiff argues that the total reduction in fee award is "unduly punitive to [p]laintiff's counsel," because Judge Shields reduced the total amount of attorney's fees from $18,624 sought to $9,819 awarded, a reduction of approximately 47%. Pl.'s Objection 9–10. Plaintiff contends that this total reduction is unduly punitive and that "across-the-board reductions rarely exceed 20% in the absence of a finding of egregious misconduct." *Id.* at 9 (citing cases).

Plaintiff's arguments on this point are unavailing. First, cases applying an across-the-board percentage reduction in the fees sought are only tangentially relevant here, because Judge Shields conducted a line-by-line review of the hours billed for "excessive, redundant, [and] otherwise

6

unnecessary" time entries. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see* R. & R. 8–10 (noting plaintiff's counsel's "troubling" number of hours expended given the basic nature of many tasks, the duplicative nature of much of counsel's work with other FDCPA cases, and the "simply excessive" number of hours for a case of this type). Further, plaintiff does not dispute much of Judge Shields's analysis, except insofar as to generally "aver[]" that I should disagree with her findings. Pl.'s Objection 11. Finally, the case law is more expansive than plaintiff has represented and courts routinely reduce total fee awards by as much as 40% via across-the-board reductions. *See Kohli v. Indep. Recovery Resources, Inc.*, No. 17-CV-3154 (RLM), 2022 WL 706695, at *5 (E.D.N.Y. Mar. 9, 2022) (collecting cases and recommending reduction in fee award by 40%). For these reasons, I decline to alter Judge Shields's recommended reductions.

## II.     Defendant's Objections

Defendant argues that 4.3 hours of paralegal time spent filing voicemail messages, receiving ECF notifications, and adding dates to a calendar should also be rejected. Def.'s Objection 3. Time entries for work such as "ECF filings [and] entering dates into a calendar" are considered "clerical tasks" that are ordinarily not compensable. *Torcivia v. Suffolk County*, 437 F. Supp. 3d 239, 253–54 (E.D.N.Y. 2020) (applying a 10% reduction to the fee sought for billing "clerical tasks as well as entries that blend clerical tasks with legal tasks"). Similarly, loading a voicemail to file, as opposed to actually listening to or analyzing said voicemail for its impact upon the case, is a non-compensable clerical task akin to sending a fax or entering dates into a calendar. *See id.* at 253. Judge Shields recommended excising hours for the lawyers who engaged in these tasks but did not reduce paralegal hours for the same non-legal work. I agree with the defendant's objection and reduce the amount of paralegal hours compensable by 4.3 hours and $322.50.

7

Defendant next argues that Judge Shields should have recommended a further reduction in the time billed by Mr. Cader of 4.1 hours, representing what defendant contends are further duplicative and unnecessary time entries. Def.'s Objection 3–4. In particular, defendant cites Mr. Cader's 2.9 hours spent reviewing the file during the litigation and an apparently double-billed time entry for attending the Rule 16 conference.[2] *Id.* at 4. Defendant also notes that Ms. Abreu billed 0.5 hours for the same conference.

However, I note that Judge Shields already recommended removing 4.1 hours of Mr. Cader's time for "duplicative billing entries," and that defendant raised these two particular billing issues in opposing the motion for attorney's fees. *See* R. & R. 10 ("[B]ased on the numerous duplicative billing entries, this Court recommends deducting 4.1 hours expended on this action by Cader from the overall fee award."); Def.'s Mem. in Opp'n Mot. for Attorney's Fees 11–12 ("Def.'s Mem"), ECF No. 18. It therefore appears that the Report and Recommendation already accounts for these challenged entries and that Judge Shields considered them in reducing the hours billed by Mr. Cader. Where a "party makes only conclusory or general arguments, or simply reiterates [its] original arguments," I am to review the report and recommendation for clear error. *See Fortgang v. Pereiras Architects Ubiquitous LLC*, No. 16-CV-3754 (ADS) (AYS), 2018 WL 1505564, at *2 (E.D.N.Y. Mar. 27, 2018) (quotation omitted) (collecting cases). Judge Shields, reviewing the same arguments made by the defendant in its objections to the Report and Recommendation, recommended reducing Mr. Cader's time billed by 4.1 hours, and I see no clear

---

[2] Defendant states that this double entry totaled one hour, however it appears that Mr. Cader twice billed 0.5 hours on the Rule 16 conference, for a total over-billing of 0.5 hours. *See* ECF No. 17-4 at 8 (0.5-hour time entries on May 18, 2021 for "appeared for Rule 16 conference before Judge Shields" and "[t]elephonic appearance at initial conference").

error in this recommendation. Accordingly, I uphold Judge Shields's recommendation to reduce Mr. Cader's hours by 4.1 hours and decline to order any further reduction.

Defendant next argues in favor of a "further . . . percentage reduction" of 25% "to meaningfully account for the unreasonably excessive and duplicative time purportedly spent prosecuting this action." Def.'s Objection 6. I decline to do so. As previously noted, and as defendant concedes, Judge Shields conducted a thorough analysis of the time spent by counsel on this case and has recommended reductions amounting to almost half of the total fees sought by plaintiff's counsel. I do not see why a further reduction on a percentage basis is necessary.

Finally, defendant objects that Mr. Cader's 10.4 hours spent on the motion for attorney's fees is excessive and should be reduced. *Id.* at 6–7. Plaintiff responds that the rationale for the high number of hours expended on litigating this motion for attorney's fees is the defendant's own litigation posture. *See* Pl.'s Opp'n to Def.'s Objection 2, ECF No. 31. Indeed, plaintiff's counsel represented that they initially spent only 4.6 hours on the initial motion for attorney's fees, but 8.25 hours writing their response to defendant's opposition. *See* ECF No. 17-4, at 14 *and* Pl.'s Reply in Supp. Mot. for Attorney's Fees 11, ECF No. 19. Time spent on a motion for attorney's fees is ordinarily compensable; to hold otherwise would effectively decrease the attorney's hourly rate and can be at odds with the purpose behind fee-shifting statutes such as the FDCPA. *See Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979). However, "[i]f the fee claims are exorbitant or the time devoted to presenting them is unnecessarily high, [I] may refuse further compensation or grant it sparingly." *Id.* Judge Shields already recommended zeroing out the number of hours claimed by Mr. Sanders as "excessive and duplicative" of the hours Mr. Cader spent on the motion, including the reply briefing. R. & R. 10. Although the time spent by Mr. Cader in drafting the reply is considerable, I reject the defendant's argument that Mr. Cader billed an "exorbitant"

9

amount of time to a "routine" fee application, Def.'s Objection 6, because the defendant's opposition to the original motion for attorney's fees necessitated extensive responsive briefing. Defendant sought (1) a reduction in total fees by $10,057.50 for billing administrative tasks, vague entries, and duplicative entries; (2) a reduction of $2,117.50 for the rates billed by Mr. Cader and Mr. Sanders; and (3) a further 25% reduction in the fees sought by plaintiff's counsel. Def.'s Mem. 15. Defendant's aggressive approach, not plaintiff's counsel, made the fee application cease to be "routine." Although Mr. Cader's 10.4 hours expended is on the upper end of reasonableness for a case of this type, I conclude that in light of the procedural history of this motion Mr. Cader's hours expended were reasonable and decline to alter Judge Shields's recommendation.

## CONCLUSION

For the foregoing reasons, the report and recommendation is adopted in part and overruled in part. Following the reduction in compensable hours for paralegals conducting administrative work, I award the plaintiff attorney's fees in the amount of $9,496.50 and costs of $499.00, for a total monetary award of $9,995.50.

SO ORDERED.

Dated: February 27, 2023
   Brooklyn, New York         /s/
                    Allyne R. Ross
                    United States District Judge